```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

_____
                                 :
KEVIN RUSS,                      :
                                 :
         Plaintiff,              :   Civ. No. 20-18896 (NLH) (JS)
                                 :
     v.                          :         OPINION
                                 :
                                 :
                                 :
MR. G. JONES, et al.,            :
                                 :
         Defendants.             :
_____:

APPEARANCE:

Kevin Russ
17 Dales Lane
Penobscot, ME 04476

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Kevin Russ seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  See ECF Nos. 1 (Complaint), 1-1 (IFP application).

    Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process,

or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $402. That fee includes a filing fee of $350 plus an administrative fee of $52, for a total of $402. Plaintiff did not file a complete in forma pauperis application. The submitted application, which is on the Eastern District of Pennsylvania's short form, is missing information that the District of New Jersey requires on its in forma pauperis applications. For example, Plaintiff does not provide his anticipated future income, two-years employment history, statement of assets, monthly expenses, etc. Plaintiff must submit either a completed IFP application or the $350 filing fee and $52 administrative fee before the complaint will be filed.

`     This matter shall be administratively terminated pending submission of the filing and administrative fees or a completed IFP application.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without

filing the Complaint or assessing a filing fee.[1]  The Clerk will be directed to reopen the matter once Plaintiff submits a new application.

An appropriate Order follows.

Dated: December 29, 2020          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

3