**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN ROSS,<br><br>                Plaintiff,<br><br>    v.<br><br>MR. G. JONES, et al.,<br><br>                Defendants. | Civil Action No. 20-18896 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

    This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.) As Plaintiff was previously granted *in forma pauperis* status in this matter (ECF No. 10), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's claims against Defendant Jones shall be permitted to proceed at this time, but Plaintiff's claims against the remaining Defendants shall be dismissed without prejudice.

**I.    BACKGROUND**

    Plaintiff's complaint concerns a series of incidents during which he was physically and sexually assaulted by Defendant Jones between August 2019 and August 2020 while he was detained in the SHU unit at FCI Fort Dix. (ECF No. 1 at 4-5, 12-13.) Suffice it to say, during numerous encounters with Jones, Plaintiff was struck, groped, and insulted. (*Id.* at 12-13.) In his current complaint, Plaintiff seeks to raise Eighth Amendment claims against Defendant Jones for

these assaults. Plaintiff also names three additional supervisory Defendants – SHU Lieutenant Andajar, Assistant Warden Kustner, and Warden Ortiz. (*Id.* at 2-3.) Plaintiff, however, pleads no facts regarding these Defendants, nor does he in any way connect them to the assaults he allegedly suffered at the hands of Defendant Jones. (*Id.*)

## II.    LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual

2

matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In his complaint, Plaintiff seeks to raise federal civil rights claims against Defendant Jones, who allegedly assaulted him on numerous occasions, and three supervisory Defendants about whom Plaintiff pleads no facts. Having reviewed his claims against Jones and finding no basis for the dismissal of those claims at this time, Plaintiff's claims against Jones shall be permitted to proceed at this time. The remaining three supervisory Defendants, however, must be dismissed without prejudice as Plaintiff has pled no facts connecting them to the alleged harms suffered by Plaintiff, and has therefore failed to plead facts indicating they had any involvement in the alleged violations. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (a defendant in a civil rights action must have personal involvement in the alleged constitutional violation); *see also Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (supervisor will have personal involvement only where they were directly involved in the violation, directed others to engage in improper conduct, or had actual knowledge of the harm and acquiesced in its occurrence).

## IV.   CONCLUSION

For the reasons expressed above, claims against Defendant Jones shall **PROCEED** at this time, and the remaining Defendants shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

                                              Hon. Karen M. Williams,
                                              United States District Judge